IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PHINGA THI TRAN            *
                           *
v.                         *
                           *   Civil No.  JKS 08-3464
                           *
MICHAEL J. ASTRUE          *
Commissioner of Social Security.  *
                           *

## MEMORANDUM OPINION

Plaintiff Phinga Thi Tran brought this action pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), for review of a final decision of the Commissioner of Social Security (Commissioner) denying her claim for Supplemental Social Security Income (SSI) payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1382 *et seq.*  The parties consented to referral to a United States Magistrate Judge for all proceedings and final disposition.  Tran's and Astrue's motions for summary judgment are ready for resolution and no hearing is deemed necessary.  *See* Local Rule 105.6.  For the reasons set forth below, Tran's motion for summary judgment will be denied, and Astrue's motion for summary judgment will be granted.

**1. Background.**

Tran filed an application for SSI on October 31, 2005, alleging an onset of disability on October 31, 2005.  (R. 133-34).  Following denial of her claims initially and on reconsideration, an Administrative Law Judge (ALJ) held a hearing on January 14, 2008, at which Tran was represented by an attorney.  (R. 130-46).  On January 24, 2008, the ALJ found that Tran was not disabled within the meaning of the Act.  (R.12-17).  The Appeals Council denied Tran's request for a review on October 29, 2008, rendering the ALJ's determination as the final decision of the

Commissioner of Social Security. (R. 2). Tran now seeks judicial review under 42 U.S.C. 405(g).

## 2. ALJ's Decision.

The ALJ evaluated Tran's SSI claim using the five-step sequential process set forth in 20 C.F.R. §§ 416.920. First, the ALJ determined that Tran has not engaged in substantial gainful activity since the application date of October 31, 2005. (R. 14). At step two, the ALJ concluded that Tran suffers from the severe impairment of affective disorders. (R. 14). However, at step three the ALJ determined that Tran's impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 15). In evaluating Tran's residual functional capacity (RFC) at step four, the ALJ found that Tran has the ability to perform work at all physical exertional levels. (R. 15). However, the ALJ found that her ability to perform a full range of work is diminished by her difficulties in social functioning and concentration, persistence, and pace. Thus, the ALJ determined that Tran's RFC is limited to performing simple, routine, unskilled tasks involving no more than occasional contacts with her co-workers, supervisor, or the public. (R. 15). At step five, the ALJ found that considering Tran's age, education, work experience and RFC, there are jobs that exist in significant numbers in the national economy that she can perform. (R. 16-17). As a result, the ALJ determined that Tran was not disabled within the meaning of the Act. (R. 17).

## 3. Standard of Review.

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co, v. NLRB*, 305 U.S. 197, 229 (1938)).  It is more than a scintilla, but less than a preponderance, of the evidence presented.  *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984).  It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury.  *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence.  *Id.*

**4. Discussion.**

Tran raises two issues in her appeal.  First, she claims the ALJ failed to properly develop the administrative record.  Second, Tran claims that the ALJ erroneously assessed her RFC.

   A.  The ALJ Properly Developed the Administrative Record.

Tran's first claim is that the ALJ failed to properly develop the administrative record.  Specifically, Tran claims that the ALJ failed to adequately question her regarding her impairments and medical treatment, and failed to order a consultative examination to evaluate her impairments.

A claimant for SSI payments bears the primary responsibility for presenting evidence which establishes her disability.  *See Bowen v. Yuckert*, 482 U.S. 137, 146, n.5 (1987); 20 C.F.R. § 404.1512(a), (c).  However, the ALJ also has a duty to ensure that the record is fully and fairly developed prior to making a determination regarding the individual's disability.  *See, e.g., Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986).  This duty is somewhat relaxed when, as here, the claimant is represented by counsel.  In such a case, the ALJ ordinarily is "entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored."  *Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997).  Although

the ALJ is not required to exhaust every possible line of questioning, he is held to the standard of reasonable good judgment. *Id.* at 1168. Moreover, where the ALJ has questioned the claimant about the relevant issues and reviewed the medical records in detail, he has satisfied his duty to assist the claimant in developing the record. *Craig v. Chater*, 76 F.3d 585, 591 (4th Cir. 1996). When there is scant medical evidence available to the ALJ and that evidence conflicts, the ALJ must further develop the record. *Fleming v. Barnhart*, 284 F. Supp. 2d 256, 275 (D. Md. 2003).

Here, the ALJ properly developed the record. Tran's claim that the ALJ should have questioned her regarding her impairments and medical treatment overlooks the fact that she was represented at her hearing by an attorney who had a full opportunity to elicit her testimony about her impairments, medical treatment, and work experience. (R. 133-40). During the questioning, the ALJ interjected to clarify why Tran does not drive despite having a valid license, (R. 137), and to fully understand the effects of her medication. (R. 139). It would have been unnecessarily duplicative for the ALJ to have asked Tran the same questions that her attorney asked her about her impairments and treatment. Following up on the attorney's examination, the ALJ inquired into Tran's relevant work history, (R. 140-43), and in his written opinion fully considered Tran's oral and written statements about her impairments and alleged symptoms and limitations. (R. 15-16). The ALJ had the relevant facts needed to adjudicate her claim fairly.

Tran also argues that the ALJ failed to order a consultative examination to evaluate her impairments. An ALJ has the option to purchase a consultative medical exam if the evidence is not sufficient to make a decision. 20 C.F.R. § 416.919a(b). Situations generally requiring a consultative exam are those when needed evidence (especially highly technical evidence) is not in the record, medical evidence cannot be obtained for reasons beyond the claimant's control, needed specialized medical evidence is not available, an evidentiary conflict exists, or there was

a change in the claimant's condition and the current severity of the condition was unknown. *Id.* at (1)-(5). Tran makes none of those showings here. She correctly notes that her record contained only two psychiatric evaluations by Dr. Dang-Vu, and that the ALJ's decision did not mention the 2007 exam. However, the 2007 exam took place one month prior to her administrative hearing without any intervening treatment or hospitalizations during the previous two years; although she received Medicaid, (R. 135), she offered no explanation for why she had failed to seek regular treatment for her alleged psychiatric and other impairments. And even if the ALJ did not review the 2007 exam, Tran points to no new information which would alter the assessment of her ability to work. During both of her visits with Dr. Dang-Vu, Tran reported seeing ghosts and feeling depressed following the death of her mother. (R. 70-71, 118). On both occasions the doctor diagnosed bipolar disorder with psychosis, (R. 70-71, 119), and offered no opinions about Ms. Tran's limitations or inability to work during the 2007 visit. Thus, any erroneous failure to consider the 2007 evaluation by Dr. Dang-Vu was harmless because the substance of the second evaluation did not differ significantly from the first evaluation.

Finally, a claimant who fails to appear for a consultative examination without good reason may be found not disabled. 20 C.F.R. § 416.918(a). Here, Tran cancelled her psychiatric consultative examination; "Request for Medical Advice," dated December 14, 2006, noted that "[a] psychiatric [CE] was scheduled but the claimant cancelled the [CE]." (R. 86-87). Tran offered no explanation for cancelling her consultative psychiatric evaluation. Tran cannot fault the ALJ for not obtaining an examination for which she herself failed to appear.

  B. The ALJ Properly Determined Tran's RFC.

Tran's second claim is that the ALJ erroneously assessed her RFC. Tran specifically alleges that the ALJ failed to set forth a narrative discussion of her RFC assessment and failed to

evaluate pertinent evidence.  Finally, Tran contends that the ALJ failed to follow the requirements for the evaluation of mental impairments.

The regulations provide the following guidelines for how an ALJ shall determine a claimant's RFC:

> When we assess your mental abilities, we first assess the nature and extent of your mental limitations and restrictions and then determine your residual functional capacity for work activity on a regular and continuing basis. A limited ability to carry out certain mental activities, such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, coworkers, and work pressures in a work setting, may reduce your ability to do past work and other work.

20 C.F.R. § 416.945(c).  The RFC assessment must be based on all of the relevant evidence in the record.  Soc. Sec. Ruling 96-8p, 1996 WL 374184 at *3.  The ALJ must also address both the remaining exertional and nonexertional capacities of the individual.  *Id.* at *5-6.  Finally, "[t]he RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."  *Id.* at 7.

Here, in assessing Tran's RFC, the ALJ considered Dr. Dang-Vu's medical report and opinion, (R. 14-16), as well as Tran's oral and written statements regarding her physical limitations and daily activities, (R. 15-16).  The ALJ also based his determination on the evaluations conducted by the State Agency consultants.  (R.14-16).  Although the ALJ determined that Tran has the capacity to perform work at all physical exertional levels, he ultimately found that her RFC limits her to performing simple, unskilled tasks involving little social contact because of her moderate difficulties in social functioning and concentration and persistence.  (R. 15).

The ALJ examined medical facts concerning Tran's impairments, and medical facts and opinions from Tran's examining psychiatrist, Dr. Dang-Vu, and non-examining State Agency psychological consultants, Drs. Wessel and Moore. (R. 14-16). The ALJ described those facts and opinions in a thorough narrative discussion. *Id.* The ALJ also discussed in narrative form Tran's testimony as to her physical limitations and his assessment as to how much credibility Tran's testimony deserved. (R. 16). Thus, the ALJ's narrative discussion was proper.

Tran also contends that the ALJ did not evaluate pertinent evidence. However, the ALJ referenced Dr. Dang-Vu's 2005 medical report and opinion that Tran could not work, but accorded the opinion little weight because it was based on only one examination and had no evidentiary basis.[1] (R. 16). The ALJ also considered the opinions of the State Agency consultants that Tran is capable of showing socially appropriate behaviors and performing work-related tasks. (R. 14-15). The ALJ gave significant weight to the opinions of Dr. Moore and Dr. Wessel because they were consistent with the evidence contained in the record. (R. 16). The ALJ also considered Tran's testimony regarding the intensity and persistence of her body aches and pains and found that she was not entirely credible because there is no evidence in the record which supports a severe physical impairment. (R. 15-16). The ALJ noted that Tran prepares her meals, does her laundry, goes shopping in stores, and attends temple and community sporting events. (R. 16).

According to Social Security Ruling 96-8p, the mental RFC assessment requires a more detailed assessment by itemizing various functions contained in the categories found in 12.00B and C of the Listing of Impairments of 20 C.F.R., Part 404, Subpart P, Appendix 1. To measure functional limitations, the ALJ uses the following criteria: activities of daily living; social

---

[1] Tran's concern that the ALJ failed to consider Dr. Dang-Vu's 2007 examination was addressed *supra*.

functioning; concentration, persistence, or pace; and episodes of decompensation. 20 C.F.R., Part 404, Subpart P, Appendix 1, 12.00C. Contrary to Tran's assertion, the ALJ discussed Tran's oral and written statements as to her daily activities, (R. 15-16), as well as the various doctors' assessments of her social functioning and concentration, persistence or pace. (R. 14-15). Based on this evidence, the ALJ determined that Tran has the RFC to perform simple, routine, unskilled tasks involving no more than occasional contacts with her co-workers, supervisor, or the public. This determination of is supported by substantial evidence.

**5. Conclusion.**

For the foregoing reasons, Tran's motion for summary judgment will be denied. A separate Order will be entered.

Date:  October 15, 2009                           /S/
                                              JILLYN K. SCHULZE
                                              United States Magistrate Judge